**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| RHUB COMMUNICATIONS, INC., <br><br>  Plaintiff, <br><br> v. <br><br> ROY KARON, <br><br>  Defendant. | Case No. 16-cv-06669-BLF <br><br><br> **ORDER GRANTING RHUB COMMUNICATIONS, INC.'S MOTION FOR LEAVE TO AMEND** |
| BVS INC, <br><br>  Plaintiff, <br><br> v. <br><br> RHUB COMMUNICATIONS, INC., <br><br>  Defendant. | Case No. 17-cv-00673-BLF |

Pending before the Court is Plaintiff RHUB Communications, Inc.'s ("RHUB") motion for leave to file a second amended complaint. ECF 33. Defendant Roy Karon ("Karon") filed a notice of non-opposition to RHUB's motion for leave to amend. ECF 43.[1] Pursuant to Civil Local Rule 7-1(b), the Court finds the matter suitable for submission without oral argument and hereby VACATES the motion hearing set for December 7, 2017. For the reasons set forth below, the Court GRANTS Plaintiff's motion for leave to file a second amended complaint.

**I.  LEGAL STANDARD**

Where, as here, a party moves to amend its pleadings on or before the deadline to amend the pleadings, a motion for leave to amend is evaluated under Federal Rule of Civil Procedure 15. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). The Case Management

---

[1] On August 7, 2017, the Court consolidated *RHUB Communications, Inc. v. Karon*, Case No. 5:16-cv-06669, with *BVS Inc. v. RHUB Communications, Inc.* Case No. 5:17-00673. ECF 41. The action was consolidated under the lower-numbered case, 16-cv-06669. For administrative purposes only, RHUB is referred to as the plaintiff and cross-defendant in the consolidated action. ECF 42.

Order in this case set the last day to amend pleadings or add parties 60 days from the date of the August 3, 2017 order. ECF 39. Therefore, the parties have until October 2, 2017 to seek leave to amend their pleadings under Rule 15.

Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a matter of course within 21 days of serving it. Fed. R. Civ. P. 15(a)(1). Further amendment of the pleadings is allowed with the opposing party's consent or leave of the court. *Id.* 15(a)(2). Rule 15 provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). In deciding whether to grant leave to amend, the Court must consider the factors set forth by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the Ninth Circuit in *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2009). A district court ordinarily must grant leave to amend unless one or more of the *Foman* factors is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, and (5) futility of amendment. *Eminence Capital*, 316 F.3d at 1052. "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Id.* However a strong showing with respect to one of the other factors may warrant denial of leave to amend. *Id.*

## II. DISCUSSION

Here, the Court has already granted Karon's motion to dismiss RHUB's first amended complaint ("FAC") with leave to amend. ECF 40. Thus, RHUB already has leave to file an amended complaint on or before August 28, 2017 that addresses the deficiencies identified in the Court's order. *Id*. RHUB contends in the instant motion for leave to amend, which was filed *before* the Court issued its order dismissing the FAC, that the proposed SAC now alleges fraud with specificity and alleges Karon's citizenship for purposes of subject matter jurisdiction. ECF 33. These are some of the deficiencies that the Court has already pointed out and granted RHUB leave to amend in order to address those issues. ECF 40.[2] Therefore, for the purposes of this motion, the Court only considers whether to grant RHUB leave to add an additional cause of

---

[2] The Court takes no position as to whether the proposed SAC has actually cured any of the deficiencies in the FAC. Karon retains the right to file a motion to dismiss the SAC.

2

1 action against Karon for Interference with Contractual Relations. ECF 33.

2 The Court finds that the *Foman* factors weigh in favor of granting RHUB's unopposed motion to file a second amended complaint. First, there is no evidence suggesting RHUB acted in bad faith; therefore this factor does not weigh against amendment. Second, there is no suggestion of undue delay. Third, RHUB has not repeatedly failed to cure deficiencies with respect to the additional cause of action for interference with contractual relations. Fourth, given that Karon does not oppose the motion for leave to amend, and the Court has already granted leave to amend the FAC in certain respects, the Court finds that there is no undue prejudice to Karon by granting RHUB leave to add an additional cause of action in the SAC. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) ("The party opposing amendment bears the burden of showing prejudice." (citation omitted)). Finally, RHUB's additional cause of action appears to be distinct from its fraud cause of action, thus RHUB's proposed amendment does not rise to the level of futility. *See Bonin v. Calderon*, 59 F.3d 815, 846 (9th Cir. 1995) (finding amendments futile because they were "duplicative of existing claims or patently frivolous, or both"). Although RHUB has previously amended its complaint, it has done so only once and as a matter of right. Accordingly, the Court GRANTS RHUB's motion for leave to amend in order to add a cause of action for interference with contractual relations.

### III. ORDER

As discussed in the Court's order granting Karon's motion to dismiss with leave to amend, the FAC failed to allege diversity of citizenship and failed to state a claim for fraud. ECF 40. The Court granted RHUB leave to amend those deficiencies articulated in the Court's order. The Court now GRANTS leave to amend to add an additional cause of action against Karon for interference with contractual relations. The deadline for RHUB to file a second amended complaint remains August 28, 2017.

**IT IS SO ORDERED.**

Dated: August 16, 2017

BETH LABSON FREEMAN
United States District Judge

3