**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| RHUB COMMUNICATIONS, INC., | Case No. 16-cv-06669-BLF |
| Plaintiff, | |
| v. | |
| ROY KARON, et al., | **ORDER DENYING ROY KARON AND BVS INC.'S MOTION TO DISMISS RHUB'S SECOND AMENDED COMPLAINT** |
| Defendants. | |

| | |
|---|---|
| BVS INC, | Case No. 17-cv-00673-BLF |
| Plaintiff, | |
| v. | |
| RHUB COMMUNICATIONS, INC., | |
| Defendant. | |

Before the Court is Defendants Roy Karon ("Karon") and BVS Inc.'s ("BVS") (collectively, "Defendants") motion to dismiss Plaintiff RHUB Communications, Inc.'s ("RHUB") Second Amended Complaint ("SAC") for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The Court held a hearing on Defendants' motion to dismiss on February 1, 2018. Counsel for RHUB failed to appear at the hearing, and the Court received limited argument from Defendants. For the reasons stated on the record as well as those discussed below, Defendants' motion to dismiss the SAC is DENIED.

**FACTUAL AND PROCEDURAL BACKGROUND**[1]

The factual background of this case and its related case are well known to the parties and the Court, and are set forth in this Court's Order Granting in Part with Leave to Amend and Denying in Part Defendant's Motion to Dismiss the First Amended Complaint. *See* ECF 40. The Court provides only the relevant allegations in the SAC and procedural background for the context of the current motion to dismiss.

RHUB filed its initial complaint against Karon in this Court on November 17, 2016, while the related case, *BVS v. RHUB*, was pending in federal court in Iowa.[2] ECF 1. Karon filed a motion to dismiss, and RHUB filed a First Amended Complaint ("FAC") as of right. ECF 9, 17. The FAC asserted a single claim for fraud against Karon. ECF 17. Karon then filed a motion to dismiss the FAC, and the Court dismissed the fraud claim with leave to amend. *See* ECF 20, 40. While the motion to dismiss the FAC was pending, RHUB filed a motion for leave to amend, and submitted a proposed SAC that contained a fraud claim and an intentional interference with contractual relations claim against Karon. ECF 33. This Court granted RHUB leave to file a second amended complaint that included an amended fraud claim, and a new cause of action against Karon for intentional interference with contractual relations. ECF 44. However, rather than file the proposed SAC, RHUB filed a different SAC that alleged an intentional inference claim against Karon, and added a breach of contract claim against BVS as a new defendant without leave of Court. ECF 45. Karon and BVS moved to dismiss the SAC. ECF 49 ("Mot.").

In the SAC, RHUB alleges that although Karon is the sole shareholder and manager of BVS, he was "not acting in the course and scope of agency or employment with BVS, Inc., but for his own financial interest." SAC ¶ 4. Between January and May 2014, RHUB's managerial employees John Mao and Larry Dorie had ongoing discussions to develop an audio/video telecommunication system known as the "Click Branch Product," which RHUB would license to

---

[1] The background facts are drawn from the allegations of the operative second amended complaint, which are accepted as true for purposes of a Rule 12(b)(6) motion. *See Reese v. BP Exploration (Alaska) Inc.,* 643 F.3d 681, 690 (9th Cir. 2011).

[2] *BVS v. RHUB*, Case No. 17-cv-00673, was transferred to this District on February 13, 2017 and consolidated with *RHUB v. Karon* before the undersigned on August 7, 2017. *See* ECF 41.

BVS. *Id*. ¶ 8. Around that time, RHUB's employees and Karon discussed a joint venture whereby BVS and RHUB would create a "Click Service" product for distribution to retailers, wholesalers, and others. *Id*. ¶ 9. In May 2014, while RHUB and BVS negotiated an LLC agreement, RHUB alleges that Karon made an oral representation that revenue from the licensing of the Click Service joint venture would be "divided equally" between RHUB and BVS. *Id*. ¶ 12. RHUB alleges that "this representation became an express term of the oral agreement between" RHUB and BVS. *Id*.

RHUB and BVS entered into a separate written agreement on August 21, 2014, which provided for the development of "a product having substantially similar features to the product to be developed by the joint venture." *Id*. ¶ 13. The written agreement was called the ClickBranch Agreement, and a true and correct copy is attached to the SAC as Exhibit A. *See* SAC at 7-9. RHUB alleges that the ClickBranch Agreement is "inextricably intertwined" with the development of the Click Service joint venture, and therefore both contained a condition that they could not be terminated without cause. *Id*. ¶¶ 15-16. On April 4, 2015, Karon orally expressed to RHUB's employees that the joint venture between BVS and RHUB should be modified to provide 50% of profits to Karon, rather than to BVS. *Id*. ¶ 17. RHUB agreed to the modification. *Id*. ¶ 18.

RHUB alleges that BVS breached the oral Click Service Agreement on April 1, 2016, by terminating it without cause. *Id*. ¶ 19. The SAC alleges claims for (1) breach of contract against BVS; and (2) intentional interference with contractual relations against Karon.

## II.     LEGAL STANDARD

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008)

(internal quotation marks and citations omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III.    DISCUSSION

As a threshold matter, Defendants move to strike the first cause of action in the SAC for breach of contract against BVS because RHUB failed to secure leave of Court to add the party or cause of action. *See* Mot. at 3. The Court recognizes that the SAC ultimately filed by RHUB does not match the proposed SAC that RHUB filed in connection with its motion for leave to amend. *Compare* ECF 33 *with* ECF 45. The Court has addressed this issue through an Order to Show Cause Re: Sanctions to RHUB's Counsel, who is responsible for this misrepresentation and violation of this Court's previous orders. *See* ECF 63. However, had RHUB properly requested leave to amend in order to add a breach of contract claim against BVS, the request would have been granted in light of the substantial factual overlap between this case and the consolidated case brought by BVS against RHUB. Accordingly, Defendants' motion to strike the first cause of action and addition of BVS as a defendant is DENIED.

Turning to the Rule 12(b)(6) motion, Defendants move to dismiss the breach of contract claim against BVS for failure to allege the existence of an oral contract between the parties or to set forth "all definite terms" of the Click Service Agreement. *See* Mot. at 6. Under California law, contracts may be oral or written. *See* Cal. Civ. Code §§ 1622, 1644. "The elements of a breach of oral contract claim are the same as those for a breach of written contract." *Stockton Mortg., Inc. v. Tope*, 233 Cal. App. 4th 437, 453 (2014). To state a claim for breach of an oral contract, RHUB must allege: "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011).

"An oral contract may be pleaded generally as to its effect, because it is rarely possible to allege the exact words." *Scolinos v. Kolts*, 37 Cal. App. 4th 635, 640 (1995) (citing *Khoury v.*

*Maly's of California, Inc.*, 14 Cal.App.4th 612, 616 (1993)).  In order to plead a contract by its legal effect, a plaintiff must "allege the substance of [the contract's] relevant terms." *McKell v. Washington Mut., Inc.*, 142 Cal. App. 4th 1457, 1489 (2006).  Here, the SAC contains sufficient factual allegations to support each element of a breach of oral contract claim against BVS, based on BVS's alleged termination of the Click Service joint venture without cause.  *See* SAC ¶¶ 13-16, 19.  RHUB also alleges the substance of the oral contract's relevant terms, such as that licensing revenue generated from Click Service would be divided equally between RHUB and BVS. *Id.* ¶ 12.

As stated on the record at the hearing, whether the oral agreement between RHUB and BVS actually existed separate and apart from the written ClickBranch Agreement can be developed in discovery.  *See Khoury*, 14 Cal. App. 4th at 616 (holding that "[a] demurrer for uncertainty is strictly construed, even where a complaint is in some respects uncertain, because ambiguities can be clarified under modern discovery procedures.")  At this stage, RHUB has adequately pled the existence of an oral contract and the Court accepts those well-pled allegations as true.  *Reese*, 643 F.3d at 690.  For these reasons, as well as those stated on the record at the hearing, Defendants' motion to dismiss the first cause of action for failure to allege the existence of an oral contract is DENIED.

With respect to the second cause of action for intentional interference with contractual relations against Karon, Defendants argue that the claim fails for three reasons: (1) RHUB has not adequately pled the existence of a contract that has been interfered with; (2) RHUB has not adequately pled that Karon was acting as a third party rather than on behalf of BVS; and (3) as the sole shareholder and manager of BVS, Karon is privileged to terminate BVS's contract with RHUB. *See* Mot. at 6-8.  As discussed above, the Court finds that the SAC pleads the existence of an oral contract between RHUB and BVS, and that Karon was "not acting in the course and scope of agency or employment with BVS, Inc., but for his own financial interest." SAC ¶ 4.

Moreover, Defendants' assertion of a financial interest privilege under California law is actually an affirmative defense.  California courts have recognized the Restatement of Torts, section 769, which states that "[o]ne who has a financial interest in the business of another is

privileged purposely to cause him not to enter into or continue a relation with a third person in that business if the actor (a) does not employ improper means, and (b) acts to protect his interest from being prejudiced by the relation." *Sade Shoe Co. Oschin & Snyder*, 162 Cal. App. 3d 1174, 1181 (1984) (quoting Rest., Torts, § 769). Defendants argue that because RHUB has alleged that Karon is the sole shareholder and manager of BVS, Karon is privileged to act on behalf of BVS as an authorized agent and cannot be personally liable for ending BVS's failed relationship with RHUB. *See* Mot. at 7-8.

However, case law makes clear that this privilege "is at most a qualified privilege which depends for its existence upon the circumstances of the case." *Lowell v. Mother's Cake & Cookie Co.*, 79 Cal. App. 3d 13, 22 (1978). "It is essentially a state-of-mind privilege, and therefore its existence cannot be satisfactorily determined on the basis of the pleadings alone." *Id*. The *Lowell* court made clear that resolution of the privilege "turns on the defendant's predominant purpose in inducing the breach and consequently the matter is to be determined on the basis of proof rather than of pleading." *Id*. (citing *Culcal Stylco, Inc. v. Vornado, Inc.*, 26 Cal.App.3d 879, 883 (1972)). Accordingly, the privilege Defendants rely on does not appear on the face of RHUB's complaint and "constitutes an affirmative defense which may be raised only by answer." 79 Cal. App. 3d at 22. Defendants' motion to dismiss the second cause of action for intentional interference with contractual relations against Karon is therefore DENIED.

### IV. ORDER

For the foregoing reasons, as well as those stated on the record at the February 1, 2018 hearing, Defendants' motion to strike the first cause of action and motion to dismiss the SAC is DENIED. Defendants shall file an Answer to the SAC **on or before February 20, 2018.**

**IT IS SO ORDERED.**

Dated: February 5, 2018

BETH LABSON FREEMAN
United States District Judge