United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RHUB COMMUNICATIONS, INC., <br> Plaintiff, <br> v. <br> ROY KARON, et al., <br> Defendants. | Case No.16-cv-06669-BLF (VKD) <br><br> **ORDER RE APRIL 9, 2019 DISCOVERY LETTER** <br> Re: Dkt. No. 80 |

On April 5, 2019, defendant BVS, Inc. ("BVS") filed a motion to compel plaintiff RHUB Communications, Inc ("RHUB") to serve an amended response to BVS's Request for Production No. 3 and to produce all responsive documents. Dkt. No. 78. The Court denied that motion without prejudice and directed the parties to follow the discovery dispute procedure outlined in Judge DeMarchi's Standing Order for Civil Cases. Dkt. No. 79.

On April 9, 2019, BVS filed a discovery letter brief. Dkt. No. 80. This letter brief does not comply with the undersigned's standing order in multiple respects. For this reason, the Court DENIES BVS' request for relief without prejudice.

First, although the letter brief purports to be a "joint discovery letter brief," it is not, in fact, a joint submission. RHUB's counsel did not sign the letter, and the letter contains only BVS's position, not RHUB's. The standing order requires that the letter include "each party's position, including citation to applicable authority, and proposed resolution of the dispute." Standing Order for Civil Cases at 3. BVS's letter does not explain why RHUB did not participate in the joint discovery letter process. As the standing order states,

> The Court expects the parties to cooperate in the preparation of the
> joint discovery letter so that each side has adequate time to prepare its
> own arguments and address its adversary's arguments before

> submission of the letter. The joint discovery letter must be signed by lead counsel. . . . Unjustified delay or refusal to participate meaningfully in . . . the preparation of the joint discovery letter may be grounds for entry of an order adverse to the delaying or non-participating party or other appropriate sanctions.

*Id.* The Courts expects all parties to fully participate in the joint discovery letter process. Failure to do so is grounds for sanctions. If RHUB refuses to participate in the joint discovery letter process, then BVS may seek relief from the undersigned's standing order by filing a motion for administrative relief pursuant to Civil Local Rule 7-11, and if warranted, the Court may invite BVS to make a separate motion for sanctions.

Second, BVS's letter exceeds the word limits set in the Standing Order for Civil Cases for the statement of the dispute requiring resolution, BVS's position, and the statement attesting to compliance with the requirement that lead counsel confer about the dispute, which are 100 words, 1,500 words, and 50 words, respectively.

Moreover, it appears from BVS's letter brief that the discovery dispute to which it refers may be resolved without the Court's assistance. *See* Dkt. No. 80 at 5. If the parties are unable to resolve the dispute between themselves by April 12, 2019, they shall **submit a joint discovery letter brief that complies with all requirements in the Court's Standing Order for Civil Cases by April 15, 2019**.

**IT IS SO ORDERED.**

Dated: April 10, 2019

*(signature)*
VIRGINIA K. DEMARCHI
United States Magistrate Judge